please call the case morning your honors may it please the court I'm Daryl Oman and I represent the defendant appellate in this case mr. Jerry Harris I raised five issues in my opening brief but the state conceded three of them which is to say aside from the constitutional question the only remaining contested issue before this court is whether the state proved the corpus delicti of aggravated unlawful use of a weapon under count three of the information in this case mr. Harris was acquitted on count two and the state has properly conceded that it did not meet its burden with respect to counts one and four of the four count information it's under undisputed that during the incident at this case mr. Harris was the victim of a shooting he's a 33 year old the delivery truck driver with a valid Floyd card and no criminal history he had just left the club and was walking back to his car with a group of people when they were shot at about nine times mr. Harris called 9-1-1 he remained on the scene and he fully cooperated with the police that's undisputed a handgun was recovered from the center console of his car which is a case as a matter of law pursuant to Diggins and Holmes to recent Illinois Supreme Court decisions and again the state concedes that with respect to the counts applying to whether it was cased under the aggravated unlawful use of a weapon statute the state presented no evidence that the gun was removed from the case other than the uncorroborated alleged oral statement to the arresting officer that he returned fire in self-defense is that corroboration well no for at least two reasons one because just to be clear it's not testimony of course this is an anonymous individual assuming they existed at all they weren't identified anywhere in the record they and that testimony was brought out in the defense case wasn't it it was that's true the state admitted the contents of that statement only to prove and again they were very good about this they were very careful to show that it was only admitted for a course of conduct to explain why the officers were arresting and searching the victim of a crime they had to explain can't object to your own witness but that was brought out in the defense portion and it wasn't challenged as being hearsay at that time so what's your argument with respect to why that is not valid evidence I only mentioned what I mentioned earlier just explain the context that the prosecution brought it out to explain the course of conduct to understand why the officers acted the way they did it came out in the defense case to impeach the officer with so it's true defense counsel did bring it up but he brought it up to emphasize the fact that there's actually variation in the story contained in the police report as opposed to what was testified to earlier and also to explain that this is an anonymous person and give the officer the opportunity to explain why he didn't put the name of that person in the report again as far as the evidence getting into the case it was testified to by the officer in the defendant's but based on was that offer for the truth of what the officer said that happened no and as this court has recognized in people versus leisure which is cited throughout my briefs in this case hearsay testimony could be submitted for multiple purposes a proper purpose and what would be an improper purpose and in the case of leisure the testimony was admitted to explain again the course of the officers conduct a motion to suppress evidence but it was not admitted substantively with respect to cooperating the statement for the purpose of the corpus delecta I rule and I the state doesn't cite any authority for the proposition that a hearsay statement or some improperly admitted evidence could serve as sufficient cooperation the most recent explanation of the corpus delecta I rule by the Illinois Supreme Court was in a case case called people versus sergeant which is applied extensively in people versus Laura which I say in my brief and under the sergeant case the court explained that the corpus delecta I offense must be proved by some evidence other than the admission again all the cases dating back over a hundred years talk about evidence admissible evidence admissible for a proper purpose the court went on to talk about parse out specific acts and specific offenses where he's where a defendant is charged with multiple offenses as he was in this case and made it clear that there had to be some cooperation with respect to each individual offense that was charged and if it's not corroborated with respect to one particular offense that conviction should be reversed even if it was proven with respect to a different offense you're not arguing what's the basis of your argument the basis the corpus delecta argument is in the nature of a reasonable doubt argument that the state failed to meet its burden is that the same argument is sufficiency evidence yes sufficiency the evidence reasonable doubt purpose to like die is a subset of those sorts of arguments was it brought up at trial or was there a motion made after trial relative to this issue reasonable doubt is not does under Illinois law is not required to be preserved in a post trial motion it's always argued in the context of a closing argument there's no forfeiture of a reasonable doubt argument as a matter of law under Illinois law so in this context it was argued during closing argument that the state didn't produce enough evidence the court unfortunately found the other way on that issue but of course it's bound by the only Supreme Court's ruling people versus sergeant again over a hundred years of precedent saying that it's the burden of the state to prove the corpus delecta of the offense which cannot be proven solely through the oral statement of the defendant but has to be they have to introduce other admissible evidence corroborating the specific offenses for which he was there were two live witnesses and a stipulation for an evidence technician significantly none of those people witnessed the event they were all police witnesses it was officer Coombs officer Hardman and a stipulation to an officer Jones all of whom arrived at the scene after the shooting occurred we know nothing at all it's an anonymous person we don't know information about them not even their name so not only did they not testify in this case which creates a hearsay and a confrontation clause problem it's also a matter of there's no basis to rely on their statement in fact the statement that to the extent the statement indicates that my client was out the street firing a handgun he wasn't even charged with discharging a handgun and among the people who actually testified in the case again the state witnesses did not witness the shooting but several defense witnesses did Mr. Harris testified in his own out of the car his cousin Jones who was shot at the scene testified that Harris never left his side didn't go to the car and run back I mean the state would have you believe that victims of a drive-by shooting were shot at then ran 200 feet to his car went inside the car inside the council took the gun out ran back 200 feet and had something to shoot at there was no fire evidence in this case he was supposedly according to the state firing a semi-automatic handgun there should be straight but there's no ballistics evidence in this case no the police for whatever reason decided that they wanted to search my client's car their explanation for that was this anonymous person and again that's to the extent that's admissible evidence it's only admissible to explain why they were I disagree that it turned out to be true certainly the entirety of the statement wasn't true mr. Harris did have a gun in his car he admits and that was his gun but the supposed anonymous concerned citizen claimed he was out the street firing his gun there's no evidence that the gun was ever fired stipulation of the evidence technician who came to the scene said it was loaded with six rounds it wasn't hot to the touch there was no smell of gunpowder didn't even try to take GSR from my client and again he wasn't charged with discharge no it would have been an element of a discharge charge but the all we have here is this anonymous person who supposedly said that he was out in the street firing the gun every other piece of evidence in the record it's not an element of the charge of a great unlawful use of a weapon which is a possession charge that's significant because had there been substantial proof that he was out in the street discharging firearm one it would have found its way into the record because the state did argue that and I suspect they'll argue that now and to they would have charged him with it certainly it's a much more serious offense to be out in the street recklessly firing handgun then to simply possess a handgun which was recovered again inside the console of his car the police take claim that he gave them permission to search his car well there was a pre-trial motion to quash arrest suppress the evidence that you're correct the defendant testified that he did not give consent and that the officers didn't have probable cause the officers testified to this anonymous person which as I explained provides their course of conduct and probable cause but they also testified that he consented and ultimately the trial judge found that he consented I'm not contesting that finding today because I don't need to but I'm not contesting it today because again in the context of the corpus delecta argument subsequent to that they failed to make they failed to prove their case completely I'm skeptical of it certainly right right aside from the corpus delecta argument with respect to the specific elements that they need to prove the only other argument that's not contested by the state is the overarching Second Amendment issue which is currently pending in the Illinois Supreme Court and I suspect we'll have the final word on that matter later this year so unless your your honors have specific questions on the Second Amendment issue or the state of the case law I'm it seems that the Illinois Supreme Court's on the verge of deciding that issue thank you thank you good morning my name is Anne McGatts I'm an assistant state's attorney and I am here on behalf of the people your honors I'd like to respond to defendants argument that the corpus delecta have aggravated UW was not proven in this your honors the corpus delecta have aggravated UW was proven through defendants admission to the police in addition to various pieces of specific evidence all of which tend to prove the circumstances that defendant who's McGatts the case law requires that there be some evidence other than the defendant's statement what was the some evidence that corroborated the defendant's statement in your opinion is as precisely as you can that would include defendants gun the fact that his friend Keith was shot and officer comes that would have had to come before they actually found the gun so what is the some evidence that that happened that you're saying corroborated the defendant's statement that would have allowed the police to do to go and find the gun and so on that would be that would have been that officer comes information from the eyewitness based on that he went to the car that the eyewitness pointed out improving the corpus delecta we need independent evidence that tends to prove that a crime occurred and that tends to prove the circumstances related in the defendant's confession and we have that here we have defendants gun it was recovered from his car and it was admitted to the police what precisely did this anonymous eyewitness say to the police at trial in defendants case-in-chief officer comes testify that he stated the following in his police report that he was flagged down by an individual in a gang way and that this individual wanted to speak with him through a window this person told him that he saw a man go to his car obtain a black object return to the area where shots were being fired and then after the shots were fired return to his car and replace that black object and was it offered for the truth counsel that was elicited by the defendant it was offered to show the course of conduct of the reliability of the concern citizen however the issue here is whether this information is testimony of the officer based on what the eyewitness told him maybe used to establish the corpus delecta and we have case law that says it can be and that people be Derson D.E.R.S.O.N. your honors in that case the defendant was charged with U.W. and on appeal the appellate court said the first district said that the corpus delecta was proven through the defendants admission through the fact that a gun was recovered and through the fact that the police officer testified that the victim flagged him down and said a man threatened me with a gun pointed that man out pointed his car out the officer went to that car arrested the defendant found a gun in the in the purse of a friend he was with and based on that he was arrested the defendant made his admission in that case so the person wasn't anonymous that person was not anonymous this is a different situation where the person was anonymous and at any time did this anonymous concern citizen say he saw the defendant retrieve a gun or was it just a black object a black a black object judge and it's a reasonable inference from the evidence that it was the gun that defendant admitted to carrying and it was also the same gun that defendant admitted was his when it was recovered from his car and why is that reasonable your honor the defendant is there any suggestion that there was more than one black object in the car there was only one black object I mean the testimony from the police officer's report was that this concerned citizen said that he saw the defendant retrieve a black object from his car and then return the black object to the car nothing was mentioned about a gun that concerned citizen according to police officer did not mention a gun however the issue we're faced with is whether the corpus select I have aggravated UW is proven and this is admissible evidence this is admissible evidence this hearsay that was obtained from someone out of a window unidentified person your honors I mean hearsay obviously is not admissible evidence people maintain it was introduced through debt defendants case-in-chief and he admitted it he maintained it was for a course of history for correct can the court rely on that for the purpose of purposes of course corpus delecta I guess and people Peterson says that we can we're just looking at is there evidence that tends to corroborate defendants confession and tend to prove that so invisible evidence hearsay that can all be used to tend to corroborate well the and there's no rule that only used to corroborate and Durson says the testimony the testimony of an officer such as officer Combs would satisfy that the purpose of the corpus delecta rule is to ensure that we don't have false confections and people admitting to crimes that didn't occur and that they did not commit and the purpose of the corpus delecta rule is not thwarted by allowing as Durson did such evidence to establish the corporation let me ask you a very precise question can inadmissible evidence be used to corroborate the defendants own admission the defendant statement for purposes of establishing the corpus delecta and that's a very specific and narrow question that I'm asking you can you use evidence for that purpose because there's no case law that says that only substantive evidence has to be used to corroborate I would say that the answer is no that you can use answers no so you can't use inadmissible evidence to answer yes or no question no your honor that's not my answer well my answer is yes and it's based on the fact that there is no case law that says that you can only use substantive evidence to corroborate a confession for purpose your your position is inadmissible evidence can be used to corroborate a defendant statement at any time you can use in advance if there's nothing else you can use inadmissible evidence to corroborate the defendant's statement for purposes of establishing corporate corpus delecta that's your answer pursuant to Durson that's my answer yes well the Anderson case if it's stipulated it might have been inadmissible but if it's stipulated under Anderson it's allowable am I correct if it's stipulated yes it's an evidence and in this case wasn't police officer Combs testimony brought out by the defendants counsel during their case-in-chief it wasn't stipulated for the truth though correct there was never a statement that as part of the stipulation that were you know both parties stipulate to the following for the truth of the matter sir right it was stipulated that this was the he testified to the contents of his police report and it was stipulated that all the other officers would testify the same but Combs his testimony was introduced and received in evidence during the defendant's case-in-chief correct does that really make a difference well given that defendant admitted it or entered it into evidence I mean I'll be a regretfully it's not in our brief but there is law that once hearsay is admitted and it's not the same weight as any other piece of evidence so based on that it's it could be considered substantive evidence so if they say we're offering this evidence specifically for the purpose of whatever they were offering it for but it can also be considered hearsay and they don't and there's no specific objection you're saying that can be used for any purpose whatsoever it's admissible even if it's hearsay if there's no objection to it case law says that it is yes no even if they were very specific to place on the record that is being used for a specific purpose you're saying that it doesn't matter that they made it clear that they weren't admitting it for the hate the hearsay or the truth of the matter certainly but for some other purpose if they had said it's that it's only admissible for course of conduct then and that was stipulated to them that's that would be based on black letter law that would not be substantive evidence however people be Durson does say that that is something that can be considered when determining whether the independent there is independent evidence that corroborates the defendant's statement and that establishes that a crime occurred even if we didn't have officer comes testimony we still have a very piece of two important pieces of evidence we have the gun defendants gun it was recovered from his car and he admitted that he took that took a gun from his car and I took it out into the street you fired shots at the car from which shots have been previously fired what can we just discount his admissions for now because again that has to be corroborated right yes right doesn't matter what he said it does have to be corroborated but each piece of independent evidence does not need to corroborate every particular detail of his confession each independent piece of evidence need not prove the corpus delecti beyond a reasonable doubt nor prove the offense beyond a reasonable doubt all it has to do is tend to prove the contents of the defendant's admission once it does the statement plus the gun plus the fact that Keith was shot and under Durson plus the fact that officer comes testified about the eyewitness but with the eyewitness told him all of that establishes the corpus delecti stirs in your brief yes it is it is cited finally step away from the bench you your honor at the moment I don't see it at the moment it was Boom rs on I need this item I may step away from the bench at 3rd 10 40. Can you tell us where your briefing appears? Are you able to find it before you leave? That would be helpful. Why don't you go on with your argument counselor? Maybe your associate can find it for you. Thank you your honor. Again the defendants admission aside we still have the gun which corroborates defendants admission and it also corroborates the fact that a crime occurred and that crime being it tends to prove that the crime of aggravated UUW was committed in this case. So your honors if when these various pieces of independent evidence in this case including the gun including the fact that keep a shot and including officer comes testimony are considered they do satisfy the corroboration requirements. Are you making an argument that the defendant is the one that shot the victim? Is that part of your argument? I just wonder why you're saying that considering the fact that you know the victim was shot because that's not a part of your argument is it? Well there is the fact that the victim was excuse me that the defendant admitted to firing shots and his admission the basis of the reason he went to fire shots was because Keith had been shot at and he said that he fired shots at the car from which shots had been fired at Keith. I would also like to respond to defendants argument that people view leisure supports reversing defendants conviction. A very important distinction with leisure in this case your honor is the fact that in leisure the gun was suppressed. He was charged with UUW and the gun was suppressed at a motion to suppress so the only remaining evidence at trial was the defendants admission and there was testimony from a police officer about what the victim had told him. The trial court in that case specifically found made a finding that defendants confession alone satisfied the corpus delecti and that's not he obviously appealed from that because that is not the case legally and therefore on appeal the people advanced an argument that this testimony of the officer should have been admitted as an exception to hear standard excited utterance doctrine. They ruled that it wasn't and therefore all that was left was the officers testimony and conversely your honors in this case very importantly we have the gun which is distinguishable from the case of people view leisure. Your honor in conclusion for the reasons argued today and those stated in our brief we would respectfully request that you affirm defendants conviction for aggravated UUW and also reduces conviction on count one to misdemeanor UUW. Thank you. Mr. Solomon. Very briefly your honors I have only two points on rebuttal just to clarify the applicable case law. To pick up where counsel left off with people versus leisure she mentions that we have the gun and the motion to quash was granted in that case. The gun wasn't admitted in this case either. So again focusing on the actual evidence substantively admitted by the state to corroborate the defendants alleged oral statement the gun was not admitted. So in that case it's completely on point with leisure because the gun was not admitted in either of those cases. The state cites the people versus Durson. I was doing as she was doing looking for a brief trying to find it. I didn't find it. I'm not prepared to respond to it. I believe they didn't cite it to the extent they didn't cite it. That argument is waived. With respect to my second point the state's argument that the fact that the gun was in the counsel tends to prove that he committed aggravated and lawful use of a weapon for having the gun out in the street. That's not the law. Again I refer this court to people versus sergeant where the Illinois Supreme Court specifically parsed out the different offenses. It talked about different acts which support different charges and held that the state had to prove the corpus delicti with corroborating evidence with respect to each of the different charges. And that was a sexual assault case that involved different sorts of conduct, some of which were affirmed, some of which were reversed because there was no corroborating evidence. That's analogous to the current context of aggravated and lawful use of a weapon where he was charged under theories of having it in the car or lack of an FOID card in the street. For all of these reasons, this court should reverse all of Mr. Harris' convictions outright. Thank you, Your Honors. Thank you very much, Mr. Miller. Thank you. Ms. Maggots, have you found people versus Gerson in your brief yet? I have to apologize. I have the correct citation, but I accidentally cited it as people versus Gerson. I didn't. Well, Harrison's all over the brief. Stand up because you're being recorded. I apologize. Your Honor, I have the correct cite for Gerson in our brief. I inadvertently cited it as people v. Anderson on page 18. It's the bottom of the full paragraph. When it's listed in the front part of your brief where you have all the cases listed for each of your arguments, where does that appear? On page Roman numeral 3, four down. Okay. So that is supposed to be people versus Gerson and not people versus Anderson. That's correct, Judge. Regrettably, Your Honor, it says Anderson. However, the cite is for people v. Gerson. What's the last name? People versus what? Gerson, D-E-R-S-O-N. So is there a case people versus Anderson? Yes. Excuse me. Excuse me. Well, of course it's people versus Anderson. I'm still confused. This citation is for Gerson, so what's the citation for Anderson? Your Honors, it was supposed to be Gerson. Anderson was not part of this argument. Okay. All right. Thank you very much. This case will be taken under advisement. Court is adjourned.